**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAKOTA KELLER, #S14303,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 26-cv-00208-RJD** |
| | ) | |
| **W. LAWLESS,** | ) | |
| **T. SHIREY, and** | ) | |
| **JOHN BARWICK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Dakota Keller, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his imprisonment at Pinckneyville Correctional Center. He claims he was subjected to excessive force and denied mental health assistance, and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  On August 4, 2025,

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 3), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

Plaintiff went to the shower, escorted by Defendant C/O Shirey (Doc. 1, p. 6). Plaintiff told Shirey he felt suicidal and wouldn't come out of the shower until he talked to a crisis member from mental health. Shirey asked Plaintiff if he was going to hurt himself. When Plaintiff said "no," Shirey said he would not call for crisis and Plaintiff could stay in there all night (Doc. 1, p. 6-7). Plaintiff explains he took these actions to get on crisis watch so he could get away from the officer (C/O O'Bear)[2] who had been harassing him and placing his life at risk by telling other inmates Plaintiff was a "baby raper." (Doc. 1, p. 6). Plaintiff felt he had no other option to get away from O'Bear because staff had not responded to his requests for help (Doc. 1, p. 8). He wrote letters to Defendant Warden Barwick but got no response. *Id.*

After about an hour waiting in the shower, Plaintiff broke a razor apart, stuffed the razor blade down the drain, and kept the cap and stem (Doc. 1, p. 7). When Shirey returned, Plaintiff gave him the broken pieces of the razor and acted as if he had swallowed the blade. Shirey summoned Defendant Sgt. Lawless, who asked Plaintiff if he had swallowed the razor. Plaintiff said he had, and Lawless told Plaintiff, "Now I have to spray you." *Id.* Lawless asked Plaintiff two more times if he had swallowed the razor. As Plaintiff answered for the last time, Lawless quickly sprayed him with OC/pepper spray, hitting Plaintiff in his open mouth. Lawless cursed at Plaintiff and told Plaintiff he should let him die. Plaintiff said he couldn't breathe and needed to rinse the spray off, and started to vomit. Lawless refused to let Plaintiff clean himself and said he shouldn't have swallowed the razor. Shirey and Lawless placed Plaintiff in handcuffs. Lawless bent his hand the wrong way, inflicting pain.

Plaintiff was put in a wheelchair and taken to Health Care, where he was still not allowed to clean the pepper spray from his mouth and face. He was taken to an outside hospital.

---

[2] Plaintiff is pursuing a separate lawsuit in this Court against O'Bear for the alleged harassment and endangerment. *Keller v. O'Bear*, Case No. 25-cv-1795-GCS (S.D. Ill. filed Sept. 16, 2025).

Plaintiff raises claims against Lawless for the use of force, against Shirey for denying him mental health help in a time of crisis, and against Barwick for failing to protect him (Doc 1, p. 9). He also states he wants to sue O'Bear for the harassment that caused this chain of events. *Id.*

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment excessive force claim against Lawless for spraying Plaintiff in the mouth with pepper spray and for painfully bending Plaintiff's hand on August 4, 2025.

Count 2: Eighth Amendment deliberate indifference to serious mental health needs claim against Shirey for refusing to summon a crisis team when Plaintiff claimed to be suicidal on August 4, 2025.

Count 3: Claim against Warden Barwick for failing to protect Plaintiff, investigate his complaints, or correct his staff members' misconduct.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

### Preliminary Dismissals

Plaintiff mentions a claim against O'Bear in his summary (Doc. 1, p. 9) but does not include O'Bear as a defendant in the case caption or list of parties (Doc. 1, pp. 1-3). The Court will not treat parties not listed in the caption as defendants, thus any claims against O'Bear are dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Further, it appears that any claim in this case against O'Bear would be duplicative of Plaintiff's claim in Case No. 25-cv-1795-

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

GCS.

## Discussion

### Count 1

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Plaintiff's allegations that Lawless sprayed pepper spray directly into his open mouth when he was apparently offering no resistance, and then painfully twisted his hand while applying handcuffs, state a viable claim in Count 1 against Lawless.

### Count 2

Prison officials' deliberate indifference to a prisoner's serious medical or mental health needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical/mental health condition, and (2) the defendant acted with deliberate indifference to his medical/mental health needs. *Id.*

While suicide and self-harm attempts are objectively serious conditions, Plaintiff's claim fails on this prong. When Shirey initially placed Plaintiff in the shower, he told Shirey he was not going to hurt himself. Plaintiff admits that he then faked the suicide attempt and did not actually swallow the razor blade. He states his motivation for the charade was to be placed on crisis watch to get away from C/O O'Bear. He does not claim to have actually planned or attempted to take his own life. By his own admission, Plaintiff did not suffer from a serious mental health condition. Accordingly, the deliberate indifference claim against Shirey in Count 2 will be dismissed.

**Count 3**

A prison official who fails to protect a prisoner from violence perpetrated by other prisoners may be liable under the Eighth Amendment – but only where the plaintiff shows the official was aware of a specific, impending, and substantial threat to his safety, and was deliberately indifferent to the danger of serious harm. *See Farmer v. Brennan*, 511 U.S. 834 (1994); *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). The same standard may be applied to violence inflicted by a prison guard. Failure to intervene when another officer abuses a prisoner can be the basis for a constitutional violation under the Eighth Amendment. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). To state such a claim, a plaintiff must sufficiently allege a defendant (1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it. *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Here, Plaintiff includes no factual allegations to suggest he alerted Barwick to the danger that excessive force could be used on him by Lawless. Thus, Barwick had no opportunity to intervene to stop that harm before or while it occurred. To the extent Plaintiff may be claiming that Barwick failed to protect him from O'Bear's harassment, that matter is not at issue in this case.

Additionally, Barwick's status as warden and supervisor of the other defendants does not impose liability on him for the alleged failure to correct misconduct on the part of his staff. There is no supervisory liability in a civil rights action under § 1983. *See Sanville*, 266 F.3d at 740 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). And finally, a prisoner has no constitutional right to an investigation of their grievances or complaints. *See See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017).

Count 3 and Defendant Barwick will be dismissed from the action without prejudice.

### Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities (Doc. 1, p. 9). Claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants are dismissed without prejudice.

### Disposition

The Complaint states a colorable claim in Count 1 against W. Lawless. Counts 2 and 3, and Defendants Shirey and Barwick, are **DISMISSED** without prejudice.

The Clerk shall prepare for W. Lawless (Sgt. #12591): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 2, 2026**

**REONA J. DALY**
**United States Magistrate Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date

7

8

of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed their Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.